COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: December 7, 2017
Date Submitted: December 6, 2017

Stuart Grant, Esquire
Christine Mackintosh, Esquire
Grant & Eisenhofer, P.A.
123 Justison Street
Wilmington, DE 19801

Kenneth J. Nachbar, Esquire
John P. DiTomo, Esquire
Richard Li, Esquire
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
Wilmington, DE 19899-1347

> Re: *Chaile Steinberg v. Andy D. Bryant, et al.*
> C.A. No. 2017-0736-SG

Dear Counsel:

Pending before me are two requests from reporters seeking access to redacted pleadings in which a shareholder of an opioid wholesaler alleges the company's board and senior officers breached their fiduciary duties of oversight. The shareholder takes no position on the requests and the wholesaler does not oppose the filing of an unredacted complaint. For the reasons that follow, I

recommend the Court order the shareholder to publicly file an unredacted complaint.

I.      **Background**[1]

On October 17, 2017, plaintiff Chaile Steinberg ("Plaintiff"), a shareholder of McKesson Corporation ("McKesson"), filed under seal a derivative complaint alleging McKesson's board of directors and senior officers (collectively, "Defendants") breached their fiduciary duties of oversight in the distribution of opioids.[2]  Plaintiff filed a public redacted version of the complaint on October 20, 2017.  McKesson is a wholesale distributor of pharmaceuticals, including opioids. Plaintiff alleges that even after McKesson entered into settlements with regulators in 2008, McKesson did not have proper oversight mechanisms in place to identify and report suspicious opioid orders.  Plaintiff alleges that investigations into these shortcomings led to a second set of regulatory settlements in 2017.  Plaintiff concludes that McKesson's board and senior officers breached fiduciary duties of oversight and caused harm to the company in the form of severe sanctions imposed in the 2017 settlements and potential liability in numerous civil lawsuits. Defendants filed a motion to dismiss on November 7, 2017, which the parties have not yet briefed.

---

[1] This background is drawn from the redacted complaint and the reporters' requests.
[2] *See In re Caremark Int'l Deriv. Litig.*, 698 A.2d 959 (Del. Ch. 1996).

On December 4, 2017, Sam Hornblower, a reporter for the CBS News program "60 Minutes," filed a request for an unredacted version of Plaintiff's complaint.[3] On October 15, 2017, 60 Minutes and The Washington Post released a collaborative report asserting that the opioid crisis was fueled by the drug industry, including McKesson, and that industry lobbyists and Congress derailed regulators' efforts to stop the crisis.[4] Hornblower states that 60 Minutes and The Washington Post are developing a wide-ranging followup report, "specifically on those companies that are alleged to have been culpable in fueling the epidemic."[5] Hornblower asserts that due to the public health crisis regarding opioids, there is a compelling public interest in allowing public access to the unredacted complaint in this action. Hornblower sought expedited review in advance of the followup report's scheduled release in two weeks. On December 5, 2017, Vice Chancellor Glasscock directed the parties to respond by the end of the day on December 6, 2017.

---

[3] Docket Item ("D.I.") 10.

[4] Scott Higham & Lenny Bernstein, *The Drug Industry's Triumph Over the DEA*, The Washington Post, Oct. 15, 2017, *available at* https://www.washingtonpost.com/graphics/2017/investigations/dea-drug-industry-congress/?utm_term=.11f25fc8b480; *60 Minutes: The Whistleblower* (CBS television broadcast Oct. 15, 2017), https://www.cbsnews.com/videos/the-whistleblower/.

[5] D.I. 10.

On December 6, 2017, a second request for access to the unredacted complaint was submitted by Eric Eyre of the Charleston Gazette-Mail.[6] Eyre's Pulitzer Prize-winning reporting has focused on the role of opioid distributors, including McKesson, in the opioid crisis.[7] He asserts Plaintiff's allegations would inform the public and help the state of West Virginia confront the opioid crisis. Chancellor Bouchard assigned review of these requests to unseal the complaint to me.

On December 6, 2017, Plaintiff and McKesson filed responses to the requests. Plaintiff stated his view that the redacted material did not meet the requirements for continued confidential treatment, but took no position on releasing an unredacted version due to a confidentiality and nondisclosure agreement with McKesson.[8] McKesson does not oppose the public filing of the unredacted complaint.[9] This is my final report.

## II.    Analysis

The Court of Chancery, like any public court, "serves not only the litigants before it; it has a public function as well."[10] The reporters' requests seek to

---

[6] D.I. 14.

[7] *Id.* (citing The Pulitzer Prizes, The 2017 Pulitzer Prize Winner in Investigative Reporting, Eric Eyre of *Charleston Gazette-Mail*, Charleston, WV, http://www.pulitzer.org/winners/eric-eyre).

[8] D.I. 15.

[9] D.I. 17.

[10] *Al Jazeera America, LLC v. AT & T Servs., Inc.*, 2013 WL 5614284, at *1 (Del. Ch. Oct. 14, 2013), *appeal dismissed* 2014 WL 2521897 (Del. 2014).

vindicate that public function.[11]  Tension created by these public and private interests is addressed by Court of Chancery Rule 5.1.[12]  "Rule 5.1 makes clear that most information *presented to the Court* should be made available to the public."[13] Rule 5.1(f) provides that "[a]ny person may challenge the Confidential Treatment of a Confidential Filing by filing a notice raising the challenge with the Register in Chancery."  When an objection is filed, the party endeavoring to maintain confidential treatment bears the burden of convincing this Court that good cause exists to maintain confidential treatment.[14]

In this case, no party seeks to maintain confidential treatment.  Plaintiff asserts the redacted information in the complaint does not satisfy the requirements for confidential treatment, but takes no position on the reporters' requests, citing a confidentiality and nondisclosure agreement with McKesson.[15]  The existence of such an agreement does not compel continued confidential treatment where the information at issue does not otherwise meet the requirements of Rule 5.1.[16] McKesson does not oppose the filing of an unredacted complaint.[17]

---

[11] *See id.*

[12] *Id.*

[13] *Id.* at *3 (quoting Delaware Court of Chancery, *Protecting Public Access to the Courts: Chancery Rule 5.1*, at 1 (Jan. 1, 2013), *available at* https://www.delawarelitigation.com/files/2012/11/U0056911.pdf).

[14] Ct. Ch. R. 5.1(b)(3).

[15] D.I. 15.

[16] *Al Jazeera*, 2013 WL 5614284 at *3.

[17] D.I. 17.

This Court is therefore free to fulfill its public function and make the redacted allegations in this case available to the public. I have reviewed the redacted material and do not believe it merits continued confidential treatment. Because no party wishes to maintain confidential treatment, and because this case is assigned to a different judicial officer, I will refrain from characterizing the redacted allegations any further. I recommend that the Court order Plaintiff to publicly file an unredacted complaint by 5:00 p.m. on Friday, December 8, 2017.

### III.    Conclusion

For the foregoing reasons, I recommend that the Court grant the reporters' requests and order Plaintiff to publicly file an unredacted complaint by 5:00 p.m. on Friday, December 8, 2017. This is a final report pursuant to Court of Chancery Rule 144. Any party taking exception shall file a notice of exceptions by 5:00 p.m. on Thursday, December 7, 2017.[18]

Respectfully,

*/s/ Morgan T. Zurn*

Master in Chancery

cc:    Mr. Sam Hornblower *(via e-mail)*
       Mr. Eric Eyre *(via e-mail)*

---

[18] *See* Ct. Ch. R. 144(d)(2).